# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**  Criminal Action No: 1:09CR56

**ANDRE GANEOUS,**
         **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 17th day of July, 2009, came the defendant, Andre Ganeous, *pro se*, and by Brian J. Kornbrath, his stand-by counsel, and also came the United States by its Assistant United States Attorney, Zelda Wesley, for a hearing on Defendant's Motion to Suppress, which motion was filed *pro se* on July 6, 2009[1] [Docket Entry 19]. The undersigned notes that pre-trial motions in this case were due on or before June 18, 2009. The United States did not file a response to the motion and the Court did not require it to do so under the circumstances.

## I. Procedural History

A grand jury attending the United States District Court for the Northern District of West Virginia returned a two-count indictment against Defendant on May 5, 2009. Defendant was arraigned and entered a plea of "Not Guilty" on June 1, 2009. Defendant moved the Court for Replacement of Appointed Counsel on June 19, 2009, which motion was denied by this Court on June 22, 2009. Defendant then filed a Motion to Schedule Status Conference Regarding Defendant's Request to Proceed Pro Se [Docket Entry 17]. On July 6, 2009, Defendant filed the instant motion *pro se*. This matter was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley by Order entered June 12, 2009.

The Court first took up and granted Defendant's Motion to Proceed Pro Se, with Mr.

---

[1] Date received by the Court. Defendant dated the motion June 29, 2009.

Kornbrath acting as stand-by counsel. Having granted the motion, the Court next took up Defendant's motion to suppress, filed *pro se.*

In his motion, Defendant moves to suppress "evidences upon which Grand Jury on June 1, 2009 acted on finger-printing, hand-writing of signiture, and photo-graphing" [sic]. As grounds for the motion, Defendant states that the "Grand Jury fails to show that the items soughted are relevant to the grand jury investigation of an offense falling within its jursidition." [sic] Defendant seeks to "eliminate from the trial or a criminal case, evidence which has been secured illegally, generally in violation of the Fourth Amendment, Fifth Amendment, and Sixth Amendment" of the Constitution of the United States.

The undersigned questioned Defendant regarding the remedy he was actually seeking in the motion. Upon which, the undersigned finds Defendant's motion is better interpreted as a motion to dismiss. The undersigned questioned Defendant and Defendant agreed with this interpretation, stating he was moving to "squash" the indictment and dismiss the case. His argument falls into four categories: 1) That this Court does not have jurisdiction over his case, because the alleged crime occurred at USP Hazelton and this Court is located in Clarksburg; 2) That the Grand Jury did not have jurisdiction over his case because it was sitting in Clarksburg, whereas the allege crime occurred at USP Hazelton, and also that the Grand Jury itself was not properly empaneled because all the jurors were not from the proper jurisdiction; 3) That his signature, photograph and fingerprints should not have been considered by the Grand Jury and should not be considered at trial, because they were taken at the Courthouse in Clarksburg and not at Hazelton, where the alleged crime occurred. They were also taken pursuant to his first appearance in this Court, and not at the time the alleged crime occurred; and 4) That without the fingerprints, photograph and

2

signature obtained pursuant to his first appearance, the Grand Jury would not have had probable cause to indict him..

1. **The Court's Jurisdiction over the Case**

Defendant argues that this Court has no jurisdiction over his case because this Court is in Clarksburg, West Virginia, while the alleged crime occurred at USP Hazelton. First, as already held in the case of <u>United States v. Uribe and Estremera</u>, 1:07cr60, on December 21, 2001, the then-Attorney General of the United States wrote a letter to the then-governor of the State of West Virginia, in which the Attorney General of the United States accepted concurrent jurisdiction over the lands comprising the United States Penitentiary Hazelton in accord with Chapter 1, Article 1, Section 3 and 4 of the West Virginia Code and Title 40 United States Code section 3112. By return letter, the governor of the State of West Virginia acknowledged the United States Attorney Generals' acceptance. The undersigned therefore finds USP Hazelton is within the jurisdiction of the United States Courts.

Further, USP Hazelton is located in Bruceton Mills, West Virginia, within the Northern District of West Virginia. This Court is located in Clarksburg, West Virginia, also within the Northern District of West Virginia. The undersigned therefore finds that this point of holding court is the proper jurisdiction and venue in this case.

2. **The Grand Jury**

Defendant further argues that the Grand Jury did not have jurisdiction over his case because it was seated in Clarksburg, whereas the alleged crime occurred at Hazelton. Again, for the same reasons stated above, the undersigned finds the Grand Jury, sitting in the Northern District of West Virginia, has jurisdiction over this case, in which the alleged crime occurred at USP Hazelton, in

Bruceton Mills, also within the Northern District of West Virginia.

Regarding Defendant's contention that the Grand Jury was not made up of jurors from the Northern District of West Virginia, Defendant has offered absolutely no evidence to indicate any grand juror was not from this district.

**3.      Signature, fingerprints, and photograph**

Defendant next argues that his fingerprints, photograph, and signature, obtained by the United States Marshal upon his first appearance in this Court, should be suppressed from consideration by both the Grand Jury and at trial. The undersigned finds the first contention has no merit because the items Defendant seeks to suppress from grand jury consideration were never considered by the grand jury. Defendant was indicted by the Grand Jury on May 5, 2009. The United States Marshal obtained his signature, photograph and fingerprints at his first appearance in this Court on June 1, 2009.

Defendant also argues that the same items should be suppressed at the trial of this matter because they should have been taken at Hazelton at the time the alleged crime occurred, and were instead taken in Clarksburg pursuant to his first appearance here. The undersigned finds this argument also has no merit because United States Marshal's office obtained these items as part of its own procedures and not pursuant to the grand jury or as evidence for the United States Attorney's Office.

**4.      Probable Cause**

Defendant argues that without the above-discussed items, there would have been no probable cause for the Grand Jury to indict him. As already noted, however, Defendant had already been indicted prior to his fingerprints, photograph, and signature being obtained by the United States

4

Marshal. These items therefore were never considered by the Grand Jury. The undersigned further finds no merit to any other argument Defendant may currently be making regarding the Indictment by the Grand Jury. Allegations of grand jury abuse, which might be raised in a post-indictment motion to dismiss an indictment, face certain procedural and policy hurdles. Post-indictment challenges to the reliability of evidence presented to the grand jury are particularly disfavored. "We will not hear a challenge to the reliability or competence of the evidence presented to the grand jury, and the mere fact that evidence is unreliable is not sufficient to require a dismissal of the indictment." United States v. McDonald, 61 F.3d 248 (4th Cir. 1995).

For the reasons herein stated, the undersigned accordingly recommends Defendant's Motion to Suppress, Interpreted as a Motion to Dismiss, be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Proposed Findings of Fact and Recommendation for Disposition set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation by Certified Mail to Defendant, *pro se*, and to counsel of record and stand-by counsel by electronic

5

filing.

        Respectfully submitted this 17th day of July, 2009.

                                    *John S. Kaull*
                                    JOHN S. KAULL
                                    UNITED STATES MAGISTRATE JUDGE