IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                        **CRIMINAL NO. 1:09CR56**
                                  **(Judge Keeley)**

**ANDRE GANEOUS,**

      **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 17, 2009, Magistrate Judge John S. Kaull issued a Report and Recommendation ("R&R"), recommending that the Court deny the Motion to Suppress filed by the pro se defendant Andre Ganeous ("Ganeous"). In his motion, Ganeous moved to suppress "evidences upon which Grand Jury on June 1, 2009 acted on finger-printing, hand writing of signature, and photo-graphing [sic]." Ganeous stated that he wished to suppress at trial any evidence secured illegally, in violation of the Fourth, Fifth, and Sixth Amendments.

On July 17, 2009, Magistrate Judge Kaull conducted a hearing on this motion, during which he questioned Ganeous and determined that his pro se motion was better interpreted as a motion to dismiss. He and Ganeous agreed that the motion raised four issues: (1) whether this Court lacks jurisdiction over the case; (2) whether the Grand Jury lacked jurisdiction to review the case; (3) whether the Grand Jury improperly considered Ganeous' signature, photograph, and fingerprints, thus barring their admissibility at

trial; and (4) whether the Grand Jury lacked probable cause to indict Ganeous.

In considering these grounds, Magistrate Judge Kaull first concluded that the alleged crime for which Ganeous had been indicted occurred at USP-Hazelton, located at Bruceton Mills, West Virginia. He further noted that this Court has previously held that USP-Hazelton is within its jurisdiction. Specifically, this Court has recognized that, on December 21, 2001, the then-Attorney General of the United States wrote a letter to the then-Governor of the State of West Virginia, accepting concurrent jurisdiction over the lands comprising USP-Hazelton, in accordance with W. Va. Code § 1-1-3 & 4, and 40 U.S.C. § 3112. The Governor acknowledged this acceptance via return letter. Finally, cases arising in Preston County are assigned to the Clarksburg division. For all these reasons, Magistrate Judge Kaull concluded that this case had been properly filed before this Court.

For the same reasons, he also found that the Grand Jury sitting in the Northern District of West Virginia had jurisdiction to consider this case, and, further, that Ganeous had failed to present any evidence to support his contention that the Grand Jury was made up of jurors who were not from the Northern District of West Virginia.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In considering Ganeous's third ground for dismissal, Magistrate Judge Kaull noted that Ganeous had been indicted before the United States Marshal Service obtained his fingerprints, photograph and signature. Thus, these items were not, and could not have been, considered by the Grand Jury in determining that probable cause existed to indict him on the pending charges. Moreover, because this information had been obtained by the United States Marshal Service, it was not "evidence" belonging to the United States Attorney, and thus not subject to a suppression motion. Finally, Magistrate Judge Kaull found no other basis supporting Ganeous' allegations of grand jury abuse, and, consequently, recommended that Ganeous's motion be denied (dkt. no. 19).

On July 29, 2009, Ganeous filed timely objections to the R&R, contesting Magistrate Judge Kaull's finding that jurisdiction properly resides with this Court. He argued that Magistrate Judge Kaull's findings violated his rights under the Sixth Amendment and requested a disclosure or affidavit from the "appellate court" on this issue.

With respect to Magistrate Judge Kaull's finding that the Grand Jury had properly reviewed his case here in the Northern District of West Virginia, and that it was comprised of citizens of

3

the same district, Ganeous questioned what proof the Court could offer of the citizenship of the Grand Jurors, and further asked the "appellate court" to examine the members of the Grand Jury on this issue.

Finally, Ganeous argued that the United States Marshal Service had violated his Fourth Amendment rights by taking his photo, fingerprints and signature at the Clarksburg point of holding court at the time of his initial appearance, rather then taking them at USP-Hazelton at the time of the incident at issue in this case. He argued for dismissal of the case on this ground as well.

After conducting a de novo review of Magistrate Judge Kaull's R&R and Ganeous's objections, the Court finds there is no basis to dismiss this case. Magistrate Judge Kaull properly determined that the case falls within this Court's jurisdiction, and that it was brought before an appropriate Grand Jury. Contrary to Ganeous's objections, the burden of presenting evidence to refute jurisdiction or establish grand jury abuse rests with him, not this Court. Accordingly, the Court overrules Ganeous's objections on those grounds.

Furthermore, the Court finds no legal basis for Ganeous's assertion that the United States Marshal Service violated his Fourth Amendment rights by obtaining his photograph, fingerprints

**ORDER ADOPTING REPORT AND RECOMMENDATION**

and signature at the time of his initial appearance on June 1, 2009, rather then at the time of the alleged incident, on October 7, 2008. He cites to <u>Gerstein v. Pugh</u>, 420 U.S. 103 (1975), in which the United States Supreme Court addressed a defendant's Fourth Amendment rights in relation to pre-trial detention; Ganeous, however, is not being held in pretrial detention, but continues to serve his underlying felony sentence. Consequently, the Court adopts the R&R on this basis as well.

Finally, the Court agrees with Magistrate Judge Kaull that no other basis exists on which to sustain an allegation of Grand Jury abuse. Consequently, it **ADOPTS** the R&R in its entirety (dkt. no. 26), and **DENIES** Ganeous's motion to suppress, which it has construed as a motion to dismiss (dkt. no. 19).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to the <u>pro se</u> defendant, by certified mail, return receipt requested, and to counsel of record and all appropriate agencies.
DATED: August 13, 2009.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE